IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LEIGH ANN ALFORD, individually and as )
Administrator of the Estate of GERALD )
MARTIN, (deceased), )
                   )
         Plaintiff, )
vs. )    Cause No. _____
                   )
UNITED STATES OF AMERICA, )
                   )
         Defendant. )

## **COMPLAINT**

COMES NOW Plaintiff Leigh Ann Alford individually and as Administrator of the Estate of Gerald Martin (deceased) by and through undersigned counsel, and for her Complaint against Defendant United States of America, states:

### JURISDICTION AND VENUE

1.     JURISDICTION:     Jurisdiction is proper under 28 U.S.C. §1346(b).  This Count is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

2.     VENUE:     Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28 U.S.C. §1346 as Plaintiff is and was at all relevant times a resident of this Judicial District and the tortious acts or omissions complained of occurred within this Judicial District.

### ALLEGATIONS COMMON  TO ALL COUNTS

3.     At all times relevant hereto, Gerald Martin was and an adult resident and citizen of the State of Missouri and a veteran of the United States Military.

4.     Gerald Martin died on June 5, 2018 in Missouri.

1

5.      Leigh Ann Alford, an adult citizen of the State of Missouri, is the daughter and sole surviving child of Gerald Martin, and has been appointed as the Administrator of the Estate of Gerald Martin (deceased).

6.      At all times relevant hereto, The Department of Veterans Affairs Medical Center at Columbia, Missouri, a/k/a "Harry S. Truman VA Hospital, a/k/a "Harry S. Truman Memorial Veterans' Hospital", "Truman Hospital", "Truman Memorial Hospital", "Truman VA", "HSTVA and the VISN 15: VA Heartland West facilities [collectively "Truman VA Hospital"] were and are a part of the Department of Veterans Affairs, an agency of the U.S. government and did own, control, manage or operate a medical center and hospital in Columbia, State of Missouri, and elsewhere in Missouri, and did employ physicians, nurses and other licensed medical professionals to practice medicine and/or their health-care related professions, and did hold itself out to the public and to Plaintiff as providing qualified medical and hospital services.

7.      At all times relevant hereto, Truman VA Hospital was a part of the federal government or was a "Federal Agency" as defined in 28 U.S.C. §2671, et seq., and said Hospital and each individual defendant herein named was acting within the scope of its agency or employment by the United States Department of Veterans Affairs.

8.      At the times indicated herein, Gerald Martin had presented at and was accepted and was being treated as a patient at Truman VA Hospital, and by and through each individual health care provider employed therein or providing services by contract or agreement of said facility or the Department of Veterans Affairs, and each of them owed to Gerald Martin, and to Plaintiffs, the duty to provide hospital, nursing, medical and/or surgical care with the skill and care of a reasonable physician or other health-care professional in the same or similar

2

circumstances, and Truman VA Hospital had the duty to provide such qualified and competent health care professionals and care.

9.      At all relevant times, Defendant UNITED STATES OF AMERICA acted by and through Truman VA Hospital, and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, and including, but not limited to, each of the individual Defendants named herein, and did hold each of said care providers out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Plaintiff did rely upon such representations.

10.      An administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., was timely made on behalf of the veteran and served on the Department of Veterans Affairs on September 18, 2017, prior to the veteran's death, and was denied on March 30, 2018.

11.      An Amended administrative claim was filed on September 24, 2018 as well as a Request for Reconsideration was filed by Plaintiff on September 25, 2018, [Exhibit 1] which was acknowledged and accepted by Defendant on October 17, 2018. [Acceptance of reconsideration, Exhibit 2].  There has not been, to date, a denial of that Amended administrative claim.

12.      Plaintiff also filed on September 24, 2018, an new Administrative claim, based upon the wrongful death of the veteran, after defendant passed from his injury. [Exhibit 3]. Defendant has not denied that claim as of the date of this filing.

13.      Decedent, Gerald Martin, was living independently and performing his own "activities of daily living" (ADL's) prior to his admission to Defendant's facility in 2017.

14.      Gerald Martin, was admitted and was a patient at the Truman VA Hospital, June

6th through June 12, 2017 during which he underwent and tolerated well bilateral femoral endarterectomies as well as bilateral kissing iliac stents.

15.     Post surgically, decedent was noted in the hospital to be recovering well and was ambulating over one-hundred feet and able to transfer to his chair, and the hospital records indicate he had healed well prior to discharge.

16.     Gerald Martin was ordered to be discharged from Truman VA on June 12th, 2017, in stable condition with orders to resume regular activities.

17.     On that same date, an employee registered nurse of the Truman VA, Claudia Jo Simkins, prepared Gerald Martin for discharge, noting he was ambulating well.

18.     To effect the discharge, Nurse  Simkins placed Gerald Martin in a wheelchair, using a pillow to prop up the patient, and pushed the veteran out to the circle drive where his daughter, Leigh Ann Alford, was waiting with a vehicle to take him home.

19.     Upon exiting the building, nurse Simkins While exiting the building through the circle drive front doors, nurse Simkins directed the wheelchair to a sudden stop,  and "dumped" the veteran from the wheelchair or otherwise caused or allowed him to fall from the wheelchair, causing decedent to land directly on his buttocks on the concrete circle drive.

20.     Decedent suffered and demonstrated sudden and extreme pain and had to be lifted with the assistance of multiple providers and placed in the waiting vehicle.

21.     The impact from the fall from the wheelchair caused decedent to suffer multiple vertebral fractures as well as dehiscence of his surgical incisions, after which he was no longer able to necessarily ambulate after the fall, nor was he able to sustain his independence he had prior to the June 6th admission to Truman VA.

4

22.     During the evening of June 12, 2017,  after the fall Gerald Martins PICC line began leaking and he woke the morning of June 13, 2017 soaking wet from his PICC line.

23.     Due to the fractures, leaking PICC line and injuries Gerald Martin sustained from the fall from while escorted by Truman VA registered nurse Simkin, decedent's daughter  was instructed to take Gerald Martin to the Emergency Room to be examined, and Plaintiff took her father to the closest facility,  which was Citizens Memorial Hospital in Bolivar Missouri.

24.      Upon examination and x-rays at Citizens Memorial Gerald Martin was diagnosed with multiple superior endplate compression fractures located in his spine at L1 and T12.

25.     Gerald Martin was discharged from Citizens Memorial with compression fractures and physician instructions to follow up with his vascular surgeon, primary care physician and Dr. Morrison.

26.     As a direct result from the fall causing pain and compression fractures, Gerald Martin had a dramatic decreased immobility, severe pain, depression, was never able to live independently again.

27.     Plaintiff's decedent followed up at the Truman VA facility where, due to his wound dehiscence, pain and infection problems the veteran was transferred to Missouri University Hospital in Columbia.

28.     At Missouri University Hospital, an additional midshaft fracture of the left clavicle was identified and surgery was performed to address the failure of his vascular surgeries and his post operative infections.

29.     The veteran was then transferred to Osage Beach Rehabilitation facility on or

5

about July 7, 2017.

30.     From that time until his death July 5, 2018, the veteran was transferred and treated between the Truman VA, University of Missouri health facilities, Osage Beach Rehabilitation facility, or other health care facilities, and did not regain the ability to live on his own.

## COUNT I
**Survival Action**

COMES NOW Plaintiff as Administrator of the Estate of Gerald Martin (deceased) and for Count I of her Complaint states:

31.     Plaintiff restates and incorporates by reference paragraphs one through 30 as if fully restated in Count I herein.

32.     Plaintiff is the duly appointed Administrator of the Estate of Gerald Martin, (deceased) [Exh. 4], and is the proper party to bring this action pursuant to the Missouri Survival Act, §537.020 et seq.

33.     At the time Gerald Martin was being discharged, Defendant knew of his medical conditions and infirmities that decreased his ability to support or protect himself and increased risk to his health.

34.     During the care of Plaintiff's decedent at the Truman VA MC, Defendant committed one or more of the following negligent acts or omissions:

a)      Defendant failed to secure Gerald Martin in his wheelchair while pushing him out for pickup;

b)      Defendant used an inadequately equipped or sized wheelchair to transfer Gerald

6

Martin on discharge;

c)     Defendant improperly used a pillow to raise or prop up Gerald Martin on

       discharge;

d)     Defendant improperly set the foot supports on the wheelchair used to discharge

       Gerald Martin;

e)     Defendant caused or allowed Gerald Martin to traumatically fall onto the

       pavement after a sudden stop during discharge;

35.    As a direct and proximate result of the negligent acts or omissions aforesaid,

Gerald Martin was caused to suffer vertebral fractures and other injury to his spine, fracture of

his clavicle, dehiscense of his wounds and disruption of his care and medication, and/or

aggravations of prior conditions,  resulting in a dramatic decrease in his mobility and ability to

care for himself, recover, or manage his health and personal needs, severe pain requiring long-

term significant opiate medications, depression, incontinence, pressure ulcers, deonditioning and

cessation of his social life and activities.  As further direct and proximate result of the negligent

acts and omissions above stated, and of the injuries suffered, Gerald Martin was caused to lose

the ability to live independently, and was unable to do so after the fall, he suffered infection and

deterioration of his body and mental state, until his death, and required additional medical and

surgical care, medications and therapies, including hospitalizations and admission to

rehabilitation or nursing facilities and expenses therefore.

       WHEREFORE, for the reasons stated above, Plaintiff as the Administrator of the Estate

of Gerald Martin (deceased) prays this Court enter judgment in her favor and against Defendant

U.S.A. in such amounts as are fair and reasonable and sufficient to compensate for the loss and

damages suffered by Gerald Martin prior to his death, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT II
## Wrongful Death

COMES NOW Plaintiff individually as a Class I beneficiary of the Missouri Wrongful Death Act and for Count II of her Complaint states:

36.     Plaintiff restates and incorporates by reference paragraphs one through 30 as if fully restated in Count I herein.

37.     Plaintiff is the only child of the decedent and is thus the only  known Class I beneficiary of the Missouri Wrongful Death Act and the proper party to bring this action.

38.     At the time Gerald Martin was being discharged, Defendant knew or should have known of his medical conditions and infirmities that decreased his ability to support or protect himself and increased risk to his health.

39.     During the care of Plaintiff's decedent at the Truman VA MC, Defendant committed one or more of the following negligent acts or omissions:

a)     Defendant failed to secure Gerald Martin in his wheelchair while pushing him out for pickup;

b)     Defendant used an inadequately equipped or sized wheelchair to transfer Gerald Martin on discharge;

c)     Defendant improperly used a pillow to raise or prop up Gerald Martin on discharge;

8

d)      Defendant improperly set the foot supports on the wheelchair used to discharge Gerald Martin;

e)      Defendant caused or allowed Gerald Martin to traumatically fall onto the pavement after a sudden stop during discharge;

40.      As a direct and proximate result of the negligent acts or omissions aforesaid, Gerald Martin was caused to suffer vertebral fractures and other injury to his spine, fracture of his clavicle, dehiscense of his wounds and disruption of his care and medication, and/or aggravations of prior conditions,  resulting in a dramatic decrease in his mobility and ability to care for himself, recover, or manage his health and personal needs, severe pain requiring long-term significant opiate medications, depression, incontinence, pressure ulcers, deonditioning and cessation of his social life and activities.  As further direct and proximate result of the negligent acts and omissions above stated, and of the injuries suffered, Gerald Martin was caused to lose the ability to live independently, and was unable to do so after the fall, he suffered infection and deterioration of his body and mental state, until his death, and required additional medical and surgical care, medications and therapies, including hospitalizations and admission to rehabilitation or nursing facilities and expenses therefore; and the damage and injury sustained as described above contributed to cause and hasten his death.

WHEREFORE, for the reasons stated above, Plaintiff as the Administrator of the Estate of Gerald Martin (deceased) prays this Court enter judgment in her favor and against Defendant U.S.A. in such amounts as are fair and reasonable and sufficient to compensate for the loss and damages suffered by Gerald Martin prior to his death, for the loss of the care, comfort and company and for all other losses allowed by the Missouri Wrongful Death Act, 537.080 et seq.,

9

for costs of suit, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff

10

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LEIGH ANN ALFORD, Individually and as Administrator of the Estate of GERALD MARTIN

**(b)** County of Residence of First Listed Plaintiff  CEDAR COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

THE LAW OFFICES OF DAVID N. DAMICK; 211 N. Broadway, STE 2420, ST. LOUIS, MO 63102; 314/231-0570

## DEFENDANTS

THE UNITED STATES OF AMERICA

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL TORT CLAIMS ACT 28 U.S.C. SECTION 2671, et seq.

Brief description of cause:
WRONGFUL DEATH SURVIVAL ACTION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE 05/04/2019

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LEIGH ANN ALFORD, Individually )
and as Administrator of the )
Estate of GERALD MARTIN     , )
                              )
                Plaintiff,    )
                              )
        v.                    )   Case No.
UNTED STATES OF AMERICA       )
                         ,    )
                              )
                Defendant,    )
                              )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐    THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐    THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____.  THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒    NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: _11 - 5 - 2019_         _____
                                  Signature of Filing Party

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LEIGH ANN ALFORD, individually and as )
Administrator of the Estate of GERALD )
MARTIN, (deceased), )
)
        Plaintiff, )
)
vs. )   Cause No. _____
)
UNITED STATES OF AMERICA, )
)
        Defendant. )

**AFFIDAVIT AS TO DEFENDANT UNITED STATES OF AMERICA**

Comes now Affiant, David N. Damick, pursuant to §538.225 RSMo, who being under

oath does affirm that the following statements are true to the full of his information and belief:

    1.    I am counsel for Plaintiffs in the above-captioned action.

    2.    I have consulted and reviewed the facts of this case with a health professional

qualified and licensed in the medical professions relevant to this cause of action and/or in the

same profession as the Defendants' health care providers, i.e., among them Michael Wilkins,

MD. at 3030 McGee Street, Kansas City, Missouri 64108, a physician licensed to practice in the

State of Missouri, Board Certified in Internal Medicine and who has cared for thousands of

patients and veterans in the same or similar circumstances as are found in this case including care

of post-procedure patients, and care of patients requiring one-to-one observation, and including

management of advanced wound care, patients with disabilities, and has taught and trained

nurses, physician assistants, and therapists in care and prevention measures, as well as having

instructed medical students and residents on the evaluation, assessment, and preventive measures

required for patients such as in this case, and who has experience in multiple hospital committees

1

and experience as Chief of Internal Medicine for a similar hospital dealing with such policies, procedures and protocols and otherwise is familiar with the issues and areas of medicine at issue in this case.

     3.    On information and belief, said health care professionals are  knowledgeable in the relevant issues involved in this action, are in practice and have practiced or taught within the last five years in the areas of health care or medicine that is at issue in this action, and are qualified by experience and demonstrated competence in the subject of this case.

     4.    That I have received a written report which states that the Defendant health care providers failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the Petition.

     Further, Affiant sayeth not.

THE LAW OFFICES OF DAVID N. DAMICK

David N. Damick, #38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorney for Plaintiff

2

STATE OF MISSOURI      )
                            ) SS

CITY OF ST. LOUIS      )

SUBSCRIBED and sworn to before me, a notary public, this 5th day of November , 20 19 .

Notary

My Commission Expires:



SHANNON M GOFORTH
My Commission Expires
November 29, 2020
St. Louis City
Commission #16136127

3

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| LEIGH ANN ALFORD, individually and as Administrator of the Estate of GERALD MARTIN, (deceased) | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    THE UNITED STATES OF AMERICA
Ms. Caroline A. Costantin
U.S. Attorney
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    THE LAW OFFICES OF DAVID N. DAMICK
211 N. Broadway, Suite 2420
St. Louis, MO 63102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| LEIGH ANN ALFORD, individually and as Administrator of the Estate of GERALD MARTIN, (deceased) | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA | ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Mr. Dennis McGuire
Office of Chief of Counsel
Department of Veterans Affairs
441 Wolf Ledges Parkway, Suite 403
Akron, OH  44311

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   THE LAW OFFICES OF DAVID N. DAMICK
211 N. Broadway, Suite 2420
St. Louis, MO 63102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                                  *Server's signature*

                                                        _____
                                                                  *Printed name and title*

                                                        _____
                                                                  *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| LEIGH ANN ALFORD, individually and as Administrator of the Estate of GERALD MARTIN, (deceased) | ) ) ) |
| *Plaintiff* | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA | ) ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Honorable William Barr
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   THE LAW OFFICES OF DAVID N. DAMICK
211 N. Broadway, Suite 2420
St. Louis, MO 63102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: